UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICK FELTON SHORTS                     CIVIL ACTION

VERSUS                                     NO. 12-1526

NOPD ET AL.                                SECTION "S" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Kendrick Felton Shorts, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP") in New Orleans, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the New Orleans Police Department ("NOPD"), Palmer Singleton, Mr. Barkerey, Jimmy Slacks, Keila Bo and unidentified other parties. The allegations contained in plaintiff's written submissions are disjointed, confusing and difficult to discern, to put things mildly. It seems clear, however, from a hand-drawn illustration attached to his filings that Shorts claims to have suffered various physical injuries, including a "bust head," lacerations requiring stitches to his eyebrow, mouth and right leg, and "broken nuckles (sic) [and] fingers." Record Doc. No. 9 at page 3 of 5. Shorts described the relief he seeks as "by, they, come, to, some, type, of, fined!" and "of, get, prison, matters." Record Doc. No. 1 (Complaint at pp. 4-6 of 8).

Because the dates set out in plaintiff's written submissions – apparently of the years in which the incidents about which Shorts is complaining occurred – seemed to

indicate that his claims might be prescribed, but because his written submissions were so difficult to understand, I conducted a telephone conference in this matter on October 2, 2012, so that plaintiff could be afforded an opportunity on the record to explain his claims orally. Participating in the conference were plaintiff pro se; Tim Richardson and Jim Mullaly, counsel for defendants.

## **THE RECORD**

Shorts stated that he is currently incarcerated in OPP as a pretrial detainee based upon charges of possession and/or possession with intent to distribute marijuana, for which he is awaiting trial. He stated that he does not currently have a trial date in his pending criminal case.

Plaintiff testified that he is suing the New Orleans Police Department in this case because he was "beat up" by New Orleans police officers during the 1990's when he was young. He identified defendants Palmer Singleton and Mr. Barkerey, known as "Slim," as New Orleans police officers. He alleged that Singleton beat him at the "Frederick" school on Touro Street in New Orleans during an arrest in 1990, resulting in injuries. His oral statement concerning the 1990 incident seemed to confirm the allegations in his written complaint at Record Doc. No. 1, p. 1 of 8.

As to defendant Barkerey, plaintiff stated that Barkerey was a New Orleans police officer who "put a gun . . . to my chest" during an arrest that occurred in New Orleans

2

in 1992. Shorts's oral explanation of this incident seemed to confirm the allegations in his written complaint at Record Doc. No. 1, p. 2 of 8.

As to defendant Jimmy Slacks, Shorts stated that he has no claim that he wants to pursue against Slacks. Shorts's written allegations had seemed to indicate that Slacks had threatened to bring him to jail and "like, almost, choke" his brother and sister in an incident that occurred on Burdette Street in 1999. Record Doc. No. 1, p. 3 of 8.

As to defendant Keila Bo, whom plaintiff identified as an OPP deputy, Shorts stated that Bo punched him in the head and body in an incident that occurred in OPP in January 2009. Shorts's description of this incident seemed to confirm the allegations in his written complaint at Record Doc. No. 1, p. 6 of 8.

Asked if he intended to assert any other claims against any other persons in this lawsuit, Shorts vaguely stated that he had been struck in the head with a pickle jar by someone in 1985 and that someone associated with "the CIA" had pulled the trigger of a gun held to his head sometime in 1996.

Asked if his lawsuit involved anything at all that had happened to him within the past year, Shorts responded, "No . . . I ain't got nothin' this year."

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."  Spears, 766 F.2d at 182.

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."  Id. at 270. "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005

5

(quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his oral explanation of the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading[1] because all of his claims are barred by the applicable one-year statute of limitations.

## II. PRESCRIPTION

Shorts's written submissions alleged clear dates, apparently of the years in which the various incidents upon which he bases his claims occurred, but very little else in his written complaint or statement of facts made much sense. His oral statements on the

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

6

record, however, confirmed the dates of the alleged incidents and the fact that all of the claims he has asserted in this case against all of the named defendants are barred by the applicable statute of limitations and therefore must be dismissed.

The district court may raise the limitations issue sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915. Wilke v. Meyer, 345 F. App'x 944, 945 (5th Cir. 2009); Lopez-Vences v. Payne, 74 F. App'x 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing Gartrell v. Gaylor, 981 F2d 254, 256 (5th Cir. 1993)). "'Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006) (quoting Harris, 198 F.3d at 156).

Although Section 1983 has no statute of limitations, the Louisiana prescription statute, Louisiana Civil Code article 3492, applies to suits brought in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th

7

Cir. 1998); Moore, 30 F.3d at 620; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

Federal law determines when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace, 549 U.S. at 388) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." Id.; accord Dixon, 260 F. App'x at 729. In the instant case, as a participant in the incidents about which he complains in 1985, 1990, 1992, 1996, 1999 and 2009, there is no question that Shorts knew about his injuries when they occurred.

The date when the clerk of court receives the complaint, rather than the formal filing date, usually establishes the time of filing in forma pauperis complaints. Martin

v. Demma, 831 F.2d 69, 71 (5th Cir. 1987). However, in the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the complaint from the prisoner for delivery to the court is considered the time of filing for limitations purposes. United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

In this case, the earliest date on which prison officials could have received Shorts's complaint for delivery to this court is June 2, 2012, when he signed and dated his complaint and its attachments. Complaint, Record Doc. No. 1 at pp. 1-6.[2] Plaintiff's complaint is therefore considered filed and this action commenced on June 2, 2012 for limitations purposes under the mailbox rule.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. Lopez-Vences, 74 F. App'x at 398; Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Gartrell, 981 F.2d at 257. The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of contra non valentem. Under this theory, there are four situations in which

---

[2]Shorts's motion for leave to proceed in forma pauperis was tendered to the clerk of court for filing in this court on June 11, 2012. His complaint was formally filed on July 2, 2012, after the court granted plaintiff's motion for leave to proceed in forma pauperis. Record Doc. Nos. 1, 2 and 3.

9

the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding that prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Dominion Explor. & Prod. Inc. v. Waters, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994); Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So. 2d 1034, 1054-55 (La. 1987)). Thus, the "doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." Pracht v. City of Shreveport, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

In this case, Shorts's complaint is deemed filed under the mailbox rule applicable to prisoner complaints on June 2, 2012. Accordingly, the one-year prescriptive period applicable to Section 1983 claims bars all claims about which Shorts knew or had reason to know of his injuries before June 2, 2011, one year before the filing date. All of Shorts's claims in his complaint in this case involve physical injuries he allegedly

suffered no later than January 2009 and include some that occurred in the 1990s. As a participant in the alleged incidents, Shorts clearly knew about those injuries at the time they occurred. Shorts has provided no reason, and I can conceive of no basis on which, the doctrine of contra non valentem or equitable tolling might apply. Under these circumstances involving injuries of which Shorts obviously was aware at the times they occurred in 1985, 1990, 1992, 1996, 1999 and 2009, all of his claims are barred by the one-year statute of limitations period.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) because they are barred by the applicable statute of limitations.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this ___3rd___ day of October, 2012.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.